Federal Housing mortgage insurance; res judicata.— Plaintiff was the owner of a rental housing project known as Duvall Manor Apartments. Plaintiff obtained a loan from the Equitable Life Insurance Company and as security executed a deed of trust and secured mortgage insurance from the Federal Housing Administration. In accordance with the rules and regulations issued by the Commissioner of the Federal Housing Administration under the National Housing Act, plaintiff was required to deposit a certain amount per month in a reserve for replacements to be accumulated and maintained with the mortgagee for the term of the mortgage insurance. Plaintiff ultimately defaulted in its payments due under the deed of trust at which time there was accumulated in the escrow account $10,000 for the reserve for replacements, and plaintiff requested the Federal Housing Administration to apply a portion of those funds to satisfy the delinquencies due under the deed of trust. The Federal Housing Administration determined that its interests would not be served by releasing funds from the account and refused to do so. Plaintiff filed suit in the United States District Court for the District of Columbia to obtain an injunction against the foreclosure. The injunction was denied and a foreclosure sale was held at which the trustee bid the property in and the Federal Housing Administration accepted conveyance of the property from the trustee, and thereafter sold the property for $267,000 and applied the amount in the reserve for replacements to the mortgage balance, reducing the debenture claim of Federal Housing Administration accordingly. The present suit was filed to recover $80,041.13 to cover the replacement reserve fund, the cost of the land, and the principal payments on the mortgage. Plaintiff urges that the refusal of the Federal Housing Commissioner to apply the reserve for replacement fund to the delinquencies under the deed of trust was arbitrary and capricious and violated a policy established by the President of the United States and that as a result of such arbitrary action plaintiff lost not only the re *1273 serve fund but its equity investment equal to 10 percent of tbe replacement cost of the property. This case comes before the court on plaintiff’s and defendant’s motions for summary judgment. Upon consideration thereof, it is concluded that plaintiff is not entitled to recover, on the authority of United States v. Pine Hill Apartments, Inc., 261 F. 2d 667 (5th Cir. 1958), and United States v. Queen’s Court Apartments, Inc., 296 F. 2d 534 (9th Cir. 1961); and for the further reason that plaintiff is collaterally estopped by the judgment of the United States District Court for the District of Columbia in the case of Duvall Manor, Inc. v. Equitable Life Insurance Co., et al., Civil No. 1441-57, dismissed with prejudice August 16, 1957. On January 24, 1966, the court ordered that the petition be dismissed. On June 6, 1966, the plaintiff’s petition for a writ of certiorari was denied, 384 U.S. 970.